IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS DEE TIPPETTS, | No. CIV S-09-1434-FCD-CMK |
| Plaintiff, | |
| vs. | ORDER |
| BUTTE COUNTY SHERIFF'S DEPT., et al., | |
| Defendants. | |

Plaintiff, proceeding with retained counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (Doc. 1). On July 27, 2009, the court issued an order granting Plaintiff's application to proceed in forma pauperis. In that order, the court specifically stated that Plaintiff's complaint, and service thereof, would be addressed separately. However, on September 16, 2009, prior to this court completing the screening required by law, a summons was issued and returned executed on September 20, 2009.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). The court is required to

1

1  conduct this screening whether or not Plaintiff is represented by counsel.  Under these screening
2  provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or
3  malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief
4  from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and
5  1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must
6  dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject
7  matter . . . ."  Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma
8  pauperis, the court will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h),
9  the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

10         Here, Plaintiff names the Butte County Sheriff's Department, correctional officers
11  Muto and Morehead, Captain Jerry Jones, and the California Forensic Medical Group ("CFMG")
12  as defendants.  His claims stem from allegations of physical abuse and neglect resulting in cruel
13  and unusual punishment, deliberate indifference to serious medical needs, and denial of due
14  process, as well as various state law causes of action.[1]

15         The court concludes that it has subject matter jurisdiction and that the complaint is
16  appropriate for service.  As it appears service has already been accomplished, the United States
17  Marshal will not be directed to serve the defendants.  However, as service was competed
18  prematurely, the defendants' time for filing a responsive pleading will be reset.  Defendants'
19  responsive pleading will be due within 30 days of the date of this order.

20         In addition, the parties' joint status report shall be filed within 60 days of the date
21  of service of the complaint on all parties, as previously ordered.

22         Accordingly, IT IS HEREBY ORDERED that:
23         1.      The complaint is appropriate for service;
24  / / /

---

25
26  [1]     The court notes that Plaintiff has named several unidentified Roe plaintiffs.  However, this action proceeds only as to the named Plaintiff, Tippetts, at this time.

2

1  2. As the complaint was served prematurely, Defendants' responsive pleading is due within 30 days of the date of this order; and

3. The parties' joint status report shall be filed within 60 days of the date of service of the complaint on all parties, as previously ordered.

DATED: October 13, 2009

                                                             **CRAIG M. KELLISON**
                                                             UNITED STATES MAGISTRATE JUDGE